# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **PERRY PATTERSON, #1673121,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:13-CV-3786-K-BK** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, a *pro se* state prisoner, filed a *Writ of Mandamus* against the State of Texas. (Doc. 3).   He paid the $5.00 filing fee, but the Court did not issue process pending preliminary screening.[1]   For the reasons that follow, this case should be summarily dismissed.

## I. BACKGROUND

Plaintiff seeks to compel the 203rd Judicial District Court of Dallas County, Texas, to provide copies of various pleadings related to his criminal case.   *Id.* at 2.   Specifically, Plaintiff requests copies of the petition for discretionary review, the trial court's rulings on his motions to dismiss counsel, the case file held by appointed counsel, the trial court's rulings relating to Plaintiff's motions to compel counsel to surrender the case file, and docket sheet reflecting motions and rulings issued since entry of the judgment of conviction.[2]

---

[1]  The filing fee provisions of 28 U.S.C. § 1915(b) do not apply to a petition for writ of mandamus stemming from a state criminal proceeding such as the one at issue in this case.   *See In re Stone, 118 F.3d 1032, 1034 (5th Cir. 1997)* (petition for writ of mandamus that arose from state post-conviction application was not subject to fee payment requirements of section 1915).

[2]  In 2010, Plaintiff was convicted of murder and sentenced to 99 years' imprisonment.   *See State v. Patterson*, No. F08-11133-P ( 203rd Jud. Dist. Ct. 2010), *aff'd*, No. 05-10-01395-CR (Tex. App. Jul. 25, 2012, pet. ref'd).   Thereafter, the state court of appeals denied his petition for

## II. ANALYSIS

Although Plaintiff paid the applicable filing fee, his petition for writ of mandamus is subject to preliminary screening under 28 U.S.C. § 1915A.   *See Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (section 1915A statutory screening provision applies to all prisoners' actions against governmental entities, their officers and employees, regardless of whether the prisoner is proceeding *in forma pauperis*).   Section 1915A(b) provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.   A complaint is frivolous when it "lacks an arguable basis either in law or in fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."   *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.   *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers).   Even under this most liberal construction, however, the petition for writ of mandamus is frivolous.   Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought.   *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973).   Here, a review of the pleadings reflects that the only relief sought is mandamus against the clerk or the judge of the 203rd Judicial District Court for refusing to provide Plaintiff copies of his petition for discretionary review, the criminal file, and copies of the docket sheet and records.   Accordingly, Plaintiff's request for mandamus

---

writ of mandamus, which requested a copy of the petition for discretionary review filed by appointed counsel.   *In re Patterson*, No. 05-13-00435-CV (Tex. App. May 7, 2013).

relief lacks merits and should be dismissed with prejudice as frivolous.   *See Santee v. Quinlan,*

*115 F.3d 355, 357 (5th Cir. 1997)* (affirming dismissal of petition for writ of mandamus as

frivolous because federal courts lack the power to mandamus state officials in the performance of

their duties).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of mandamus be

summarily **DISMISSED** with prejudice as frivolous.   *See* 28 U.S.C. § 1915A(b)(1).

SIGNED November 1, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner
provided by law.   Any party who objects to any part of this report and recommendation must
file specific written objections within 14 days after being served with a copy.   *See* 28 U.S.C. §
636(b)(1); Fed. R. Civ. P. 72(b).   In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.   An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.   Failure to file specific written objections
will bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.   *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE